IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
WACO DIVISION

| | | |
|---|---|---|
| SOON BLOOD D/B/A SOUTH SEAS RESTAURANT<br>*Plaintiff,*<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY AND SONNY BEVER<br>*Defendants.* | § § § § § § § § § § | CIVIL ACTION NO. 6:15-cv-073 |

## DEFENDANT SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Scottsdale"), through the undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the action captioned *Soon Blood d/b/a South Seas Restaurant v. Scottsdale Insurance Company and Sonny Bever*, Cause No. 275,139-C, in the 169th District Court of Bell County, Texas.

## I.
## INTRODUCTION AND BACKGROUND

1.  This is a first party insurance lawsuit arising out of a dispute over the scope and valuation of storm damage to Plaintiff's building.[1]

2.  Plaintiff, Soon Blood d/b/a South Seas Restaurant, sued its insurer, Scottsdale, and Sonny Bever, the independent adjuster who inspected the property and prepared a damages estimate for Scottsdale. Mr. Bever, the sole non-diverse defendant, was improperly joined in this lawsuit in order to defeat diversity jurisdiction. When Mr. Bever's citizenship is disregarded, as it should be, the parties are completely diverse. In addition, it is undisputed that the amount in controversy exceeds the minimum for federal jurisdiction, as Plaintiff's state court petition

---

[1] *See* Exhibit A, Plaintiff's Original Petition.

1

affirmatively represents that "Plaintiff currently seeks monetary relief over $200,000.00 but not more than $1,000,000.00." Accordingly, removal is proper under 28 U.S.C. §§ 1441 and 1446.

3. The insurance claim made the basis of this suit was not complicated. Plaintiff owns certain commercial property located at 715 W. Business Highway in Killeen, Texas. The property allegedly suffered damage in a weather event that occurred on March 28, 2014. Plaintiff asserted a claim under Plaintiff's Scottsdale insurance policy on June 20, 2014. Scottsdale assigned the claim to an independent adjusting firm which then assigned the inspection to Mr. Bever.

4. Mr. Bever inspected the property on June 24, 2014. As a result of his inspection, he prepared an estimate showing a net claim of $14,385.03. Importantly, Mr. Bever's role was limited to the inspection of the property, assessment of damage, and preparation of an estimate; he did not have settlement authority, did not make ultimate coverage determinations, and did not issue any payment to Plaintiff or direct payment to be issued.

5. Scottsdale issued a claim payment in the amount of the net claim on July 1, 2014. Scottsdale did not hear from Plaintiff again until it received suit papers on February 10, 2015.

6. Plaintiff's petition is a form pleading that asserts contractual, statutory, and common law causes of action arising out of Scottsdale's alleged underpayment of Plaintiff's insurance claim.[2] Generally, Plaintiff's allegations are against Scottsdale and Mr. Bever interchangeably, and do not connect Plaintiff's factual allegations to the various legal contentions. Plaintiff's petition fails entirely to demonstrate a cause of action against Mr. Bever that is separate and apart from Plaintiff's claims against Scottsdale.

---

[2] Exhibit A, Plaintiff's Original Petition.

7. Scottsdale does not admit the underlying facts alleged by Plaintiff, and expressly denies any liability for the claims asserted in this lawsuit.[3] This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. § 1446(b).

## II.
## DIVERSITY JURISDCITION

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a citizen of Texas. Scottsdale is organized under the laws of Ohio and maintains its principal place of business in Arizona. Sonny Bever, the only non-diverse defendant, has been improperly joined and his citizenship should be disregarded.

**A.    Amount in Controversy**

9. Plaintiff's petition expressly states that Plaintiff "seeks monetary relief over $200,000 but not more than $1,000,000." The threshold for diversity jurisdiction, $75,000, is therefore already admitted by Plaintiffs in their initial pleading. The amount in controversy requirement is satisfied.

**B.    Diversity of Parties and Improper Joinder**

10. Plaintiff is a citizen of Texas, as alleged in Plaintiff's Original Petition.[4]

11. Scottsdale is organized under the laws of the state of Ohio and has its principal place of business in Arizona. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Scottsdale is a citizen of the States of Ohio and Arizona.

---

[3]    Exhibit B, Defendant's Original Answer.
[4]    Exhibit A, Plaintiff's Original Petition, at p. 1.

3

12. Mr. Bever is a citizen of Texas; however, his citizenship should be disregarded for the purposes of determining this Court's jurisdiction.

13. A case may be removed despite a non-diverse defendant if that defendant was improperly joined, meaning the defendant was named improperly for the purpose of destroying diversity.[5] Improper joinder can be established in either of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[6] To establish improper joinder, a defendant must show "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[7]

14. To evaluate the question of improper joinder, courts perform a Rule 12(b)(6)-type analysis, looking at the allegation of the petition to determine whether the petition states a claim under state law against the non-diverse defendant.[8]

15. Scottsdale will show that Plaintiff's allegations against Mr. Bever cannot support recovery in this suit. The Fifth Circuit has made clear that to show a reasonable possibility that a

---

[5] *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

[6] *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[7] *Id.* at 573.

[8] *Id.* Courts are divided concerning whether to apply the Texas notice-pleading standard or the federal *Twombly* standard. *See Yeldell v. Genovera Specialty Ins. Co.*, Civ. No. 3:12-cv-1908-M, 2012 WL 5451822 at *2 (N.D. Tex. Nov. 8, 2012), and cases cited therein. As the Northern District has recognized, Texas' new Rule 91a has turned this question into a distinction without a difference. *See Davis v. Metropolitan Lloyds Ins. Co. of Tex.*, No. 4:14-CV-957-A, 2015 WL 456726 at *2 (N. D. Tex. Feb. 3, 2015) (McBryde, J.); *see also, e.g., Landing Council of Co-Owners v. Fed. Ins. Co.*, Civ. No. H-12-2760, 2013 WL 530315 at *1-*3 (S.D. Tex. Feb. 11, 2013) (explaining application of federal standard prior to implementation of Rule 91a). In the alternative, Scottsdale urges the Court that Plaintiff's pleading fails to support recovery against Mr. Bever even under a Texas state court analysis.

4

Texas court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused the harm.[9]

16.   The bulk of Plaintiff's causes of action are asserted against "Defendants." Plaintiff asserts breach of contract against Defendants,[10] violations of the Texas Insurance Code against Defendants,[11] violations of the Texas Deceptive Trade Practices Act against Defendants,[12] and common law bad faith against Defendants.[13] These claims are not made against Mr. Bever in his individual capacity.  Conclusory allegations against an insurer and its adjuster in tandem do not provide a reasonable basis to predict that a plaintiff can recover against the adjuster.[14] As stated by Judge Harmon of the Southern District, "when an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster."[15] Throughout the sections of the Original Petition identifying Plaintiff's causes of action, Plaintiff makes no effort whatsoever to differentiate between the acts of Scottsdale and those of the indepndent adjuster, Mr. Bever.  These claims fail to establish an independent cause of action against the non-diverse defendant.

17.   Furthermore, Plaintiff's causes of action against Mr. Bever include claims that cannot be asserted against insurance adjusters and that are unsupportable as pleaded as a matter

---

[9]   *Hornbuckle*, 385 F.3d at 545 (citing *Liberty Mutual Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482 (1998)); *see also Frisby v. Lumbermens Mut. Cas. Co.*, 500 F.Supp.2d 697, 700 (S.D. Tex. 2007).

[10]   Exhibit A, Plaintiff's Original Petition, at pp. 6-7.

[11]   *Id.* at pp. 7 and 9-10.

[12]   *Id.* at pp. 9-11.

[13]   *Id.* at p 14.

[14]   *Moore v. Travelers Indem. Co.*, No. 3:10-CV-1695-D, 2010 WL 5071036 at *5 (N.D. Tex. Dec. 7, 2010).

[15]   *Novelli v. Allstate Texas Lloyd's*, Civ. No. H-11-2690, 2012 WL 949675 (S.D. Tex. March 19, 2012), citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, Civ. No. H-10-1846, 2011 WL 240335 at *14 (S.D. Tex. Jan. 20, 2011).

of law. For example, the only contract at issue in this case is the insurance contract between Plaintiff and Scottsdale; Mr. Bever cannot be held liable for breach of a contract to which he is not a party. Similarly, the prompt payment of claims act permits recovery against an insurer only,[16] and adjusters do not owe the common law duty of good faith and fair dealing.[17] Plaintiff as a matter of law was not a consumer of Mr. Bever's independent adjusting services for purposes of DTPA liability.[18] And Plaintiff's Insurance Code claims are not supported by pleaded facts within the scope of actions prohibited by the statute.[19]

18.   Finally, Plaintiff's Original Petition bears several "badges of improper joinder"[20] that weigh in favor of federal jurisdiction. Plaintiff utilizes "'a standard form petition developed for use in similar cases' which appears 'purposefully designed to defeat federal court jurisdiction.'"[21] And there appears to be no reason that Mr. Bever was joined in this case other than to attempt to avoid removal.[22]

---

[16]   TEX. INS. CODE § 542.060(a).

[17]   *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994).

[18]   Tex. Bus. & Com. Code § 17.45(4). Plaintiff did not seek or acquire Mr. Bever's independent adjusting services by purchase or lease; Mr. Bever was assigned to the claim by an independent adjusting firm retained by Scottsdale.

[19]   *See One Way Investments, Inc. v. Century Surety Co.*, Civ. Action No. 3:14-CV-2839-D, 2014 WL 6991277 at *3-*5 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (mem. op.), citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724-25 (N.D. Tex. 2014).

[20]   *Plascencia v. State Farm Lloyds*, No. 4:14-CV-542-A, Doc. No. 17, at pp. 15-18 (N.D. Tex. filed Sept. 25, 2014) (McBryde, J.) (mem. op. and order).

[21]   *Id.* at p. 16, citing *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001) and *Studer v. State Farm Lloyds*, No. 4:13-CV-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014).

[22]   *Plascencia v. State Farm Lloyds*, No. 4:14-CV-542-A, Doc. No. 17, at p. 18, citing *Jimenez v. Travelers Indem. Co.*, Civ. Action No. H-09-1308, 2010 WL 1257802, at *5 (S.D. Tex. March 25, 2010) (Harmon, J.).

## C. Conclusion

19. The amount in controversy is incontestably established, and Mr. Bever, the only diverse defendant, is improperly joined. Diversity jurisdiction therefore exists, and removal of this case is proper and is timely noticed.

WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

> Respectfully submitted,
>
> */s/ Patrick M. Kemp*
> Patrick M. Kemp
> Texas Bar No. 24043751
> pkemp@smsm.com
> Robert G. Wall
> Texas Bar No. 24072411
> rwall@smsm.com
> Robert R. Russell
> Texas Bar No. 24056246
> rrussell@smsm.com
> SEGAL MCCAMBRIDGE SINGER & MAHONEY
> 100 Congress Avenue, Suite 800
> Austin, TX 78701
> Phone: (512) 476-7834
> Fax: (512) 476-7832
>
> **ATTORNEYS FOR DEFENDANTS**
> **SCOTTSDALE INSURANCE**
> **COMPANY AND**
> **SONNY BEVER**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via ECF and facsimile this the 6th day of March, 2015 to:

| | |
|---|---|
| Wes Holland<br>William N. Allan, IV<br>Allan, Nava, Glander & Holland, PLLC<br>825 W. Bitters Road, Suite 102<br>San Antonio, Texas 78216<br>serveone@ANGlawfirm.com | *<u>Via Facsimile: (210) 305-4219</u>* |

                                        */s/ Patrick M. Kemp*
                                         Patrick M. Kemp